UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW LEE BURR,

        Petitioner,

                                    Case Number: 2:06-CV-15462

v.                                 Honorable Patrick J. Duggan

SHERRY BURT,

        Respondent.

_____/

## OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

At a session of said Court, held in the U.S. District
Courthouse, Eastern District
of Michigan on December 21, 2006._____

PRESENT:  HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Matthew Lee Burr ("Petitioner"), a state prisoner presently confined at the Southern Michigan Correctional Facility in Jackson, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the propriety of his unarmed robbery sentence.

I.

Promptly after the filing of a petition for habeas corpus, the district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the face of the petition and any exhibits attached that the petitioner is not entitled to relief

1

in the district court . . ."  Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. §

2243.  If, after preliminary consideration, the court determines that the petitioner is not

entitled to relief, the court must summarily dismiss the petition.  *Id.*, *see also McFarland*

*v. Scott*, 512 U.S. 849, 856, 114 S. Ct. 2568, 2572 (1994); *Carson v. Burke*, 178 F.3d 434,

436 (6th Cir. 1999).  After undertaking the review required by Rule 4, the Court

concludes that the grounds raised in the present petition do not entitle Petitioner to habeas

relief and that the petition therefore must be dismissed.

## II.

On June 23, 2000, Petitioner pleaded guilty in a Michigan state court to unarmed

robbery, unlawful driving away an automobile, and being a second habitual offender.  On

September 6, 2000, the trial court sentenced Petitioner as a second habitual offender to

150 to 270 months (12 ½ to 22 ½ years) imprisonment on the unarmed robbery conviction

and to a concurrent term of 24 to 60 months (two to five years) imprisonment on the

unlawful driving away an automobile conviction.

After sentencing, Petitioner filed a delayed application for leave to appeal with the

Michigan Court of Appeals, which was denied.  *People v. Burr*, No. 236478 (Mich. Ct.

App. Oct. 17, 2001) (unpublished).  Petitioner then filed an application for leave to appeal

with the Michigan Supreme Court.  The Supreme Court initially held the case in abeyance

and then remanded it to the Michigan Court of Appeals for consideration as on leave

granted.  On remand, the Michigan Court of Appeals affirmed Petitioner's sentence.

*People v. Burr*, No. 251329, 2005 WL 433636 (Mich. Ct. App. Feb. 24, 2005)

(unpublished). Petitioner filed another application for leave to appeal with the Michigan

Supreme Court, which was denied. *People v. Burr*, 474 Mich. 948, 706 N.W.2d 202

(2005).

Petitioner signed the instant petition on November 27, 2006, and it was filed in this

court on December 11, 2006. In his petition, he raises the following claims:

> I.    He should be re-sentenced on his unarmed robbery
>       conviction because the court departed from the
>       statutory sentencing guidelines and imposed a prison
>       sentence that exceeded the guidelines recommended
>       range by more than five years, representing more than
>       a 70% increase over the recommended sentence,
>       without articulating reasons that meet the "substantial
>       and compelling" standard.
>
> II.   He is entitled to re-sentencing under the United States
>       Supreme Court's recent decision in *Blakely v.
>       Washington* and the Sixth and Fourteenth Amendments
>       of the United States Constitution within a guideline
>       range that does not assess any points for offense
>       variables.

The Court will now address each of those claims.

III.

A.

Petitioner first asserts that he is entitled to habeas relief because the trial court,

without articulating "substantial and compelling" reasons as required by Michigan law,

imposed a sentence on his unarmed robbery conviction exceeding the sentencing

guideline range by more than 70%. Claims arising out of a state trial court's sentencing

decision generally are not cognizable upon habeas review unless the petitioner can show

3

that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).

Petitioner was sentenced to 150 to 170 months imprisonment on his unarmed robbery conviction. While this sentence exceeded the guideline range of 36 to 88 months, it was within the statutory maximum of 22 ½ years imprisonment for a second habitual offender. *See* MICH. COMP. LAWS ANN. §§ 750.530 & 769.10. Petitioner only asserts that his sentence was unauthorized under the State's sentencing laws. Such assertions, however, are not cognizable on habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67-78, 112 S. Ct. 475, 480 (1991); *Lucey*, 185 F. Supp. 2d at 745-46. Federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures. *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988).

To the extent that Petitioner is further asserting that his sentence is disproportionate or violates the Eighth Amendment, he also fails to state a claim for federal habeas relief. The United States Constitution does not require strict proportionality between a crime and its punishment. *See Harmelin v. Michigan*, 501 U.S. 957, 965, 111 S. Ct. 2680, 2686 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583. "'A sentence within the statutory maximum . . . generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). Moreover, the Sixth Circuit has stated that "Federal

4

courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Nevertheless, as indicated previously, Petitioner's sentence falls within the statutory range for unarmed robbery under Michigan's habitual offender statute.

Accordingly, habeas relief is not warranted on this claim.

## B.

Petitioner next asserts that his sentence violates his Sixth and Fourteenth Amendment rights and the United States Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), because the scoring of certain offense variables required additional fact-finding by the trial court. Petitioner's claim fails because Michigan maintains an indeterminate sentencing system, *see People v. Claypool*, 470 Mich. 715, 730 n.14, 684 N.W.2d 278, 286 n.14 (2004), and the Supreme Court has indicated that such sentencing schemes do not infringe on the province of the jury. *Blakely*, 542 U.S. at 304-05, 308-09, 124 S. Ct. at 2538, 40-41.

Under Michigan's sentencing scheme, the defendant is given a sentence with a minimum and a maximum sentence. *See Claypool,* 470 Mich. at 730 n. 14, 684 N.W.2d at 286 n.14 (citing MICH. COMP. LAWS ANN. § 769.8). The trial judge determines the defendant's minimum sentence based on the applicable sentencing guidelines ranges; the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *Id*.; *see People v. Babcock*, 469 Mich. 247, 255 n.7, 666 N.W.2d 231,

5

236 n.7 (2003) (citing MICH. COMP. LAWS ANN. § 769.34(2)).  In comparison, the
defendant's maximum sentence is not determined by the trial judge, but is set by law.  *See
Claypool,* 470 Mich. at 730 n. 14, 684 N.W.2d at 286 n.14 (citing MICH. COMP. LAWS
ANN. § 769.8).

Petitioner claims that the minimum sentence imposed by the trial court was based
on judicial factual-finding; however, the Supreme Court has sanctioned the use of
judicially ascertained facts to establish a minimum sentence provided the sentence neither
alters the maximum penalty for the crime committed nor creates a separate offense calling
for a separate penalty.  *McMillan v. Pennsylvania*, 477 U.S. 79, 106 S. Ct. 2411 (1986).
To the extent Petitioner claims that judge-found facts influenced his maximum sentence,
that sentence is set by law and therefore was not based on any fact-finding by the trial
court.  Accordingly, Petitioner's sentence does not violate *Blakely* or Petitioner's
constitutional rights.  Thus Petitioner fails to state a claim upon which habeas relief may
be granted as to this issue.

IV.

For the reasons stated, the Court concludes that Petitioner is not entitled to habeas
relief on the claims contained in his petition.

6

Accordingly,

       **IT IS ORDERED** that the Petition for Writ of Habeas Corpus is **DENIED**.

                                  s/PATRICK J. DUGGAN
                                  UNITED STATES DISTRICT JUDGE

Copy to:
Matthew Lee Burr, #319828
Southern Michigan Correctional Facility
4002 Cooper Street
Jackson, MI 49201-7562

7