UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW LEE BURR,

      Petitioner,

                                      Case Number: 2:06-CV-15462

v.

                                      HONORABLE PATRICK J. DUGGAN

SHERRY BURT,

      Respondent.
_____/

### ORDER DENYING A CERTIFICATE OF APPEALABILITY AND DENYING LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS

Petitioner has filed a motion for a certificate of appealability and an application to proceed on appeal *in forma pauperis* concerning this Court's dismissal of his petition for writ of habeas corpus under 28 U.S.C. § 2254. Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing

threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 1034 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37, 123 S. Ct. at 1039.

In his pleadings, Petitioner asserted that the trial court imposed a sentence which exceeded the sentencing guideline range without substantial and compelling reasons and that his sentence violated his rights under *Blakely v. Washinton*, 542 U.S. 296, 124 S. Ct. 2531 (2004). Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right concerning his claims. His sentencing guidelines claim asserts a state law violation which is not cognizable on habeas review, *see Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480 (1991); and any claim that his sentence is disproportionate does not warrant habeas relief. *See Harmelin v. Michigan*, 501 U.S. 957, 965, 111 S. Ct. 2680, 2686 (1991). Petitioner's *Blakely* claim also fails as Michigan employs an indeterminate sentencing system and Petitioner was sentenced within the statutory limits. *See Blakely*, 542 U.S. at 305-05, 308-09, 124 S. Ct. at 2538, 2540-41. Accordingly, the Court **DENIES** a certificate of appealability and **DENIES** leave to proceed on appeal *in forma pauperis*.

*See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED.**

s/PATRICK J. DUGGAN<br>UNITED STATES DISTRICT JUDGE

Dated: January 31, 2007

Copy to:
    Matthew Lee Burr,  #319828
    Southern Michigan Correctional Facility
    4010 Cooper Street
    Jackson, MI 49201-7552